UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-11411-RGS

JUSTIN D. MACLEAN,

v.

JOHN DOE, *Warden of Essex County Correctional Facility*

ORDER

June 30, 2023

STEARNS, D.J.

Justin D. MacLean, a pretrial detainee who is currently confined at the Essex County Correctional Facility, brings this petition under 28 U.S.C. § 2241 in which he seeks immediate release. The court DENIES the petition without prejudice.

According to MacLean, his present confinement arises from criminal charges against him under Massachusetts law based on his alleged misconduct within the Commonwealth and a fugitive charge based on a warrant out of New Hampshire. MacLean argues that he is entitled to immediate release because (1) he has posted bail on the outstanding the state charges; and (2) his detention on the fugitive warrant has exceeded the 90-day detention period authorized under M.G.L. ch 276 §§ 20C and 20E.

The court abstains from exercising jurisdiction over this action. "Federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" *In re Justices of Superior Court Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971))). Thus, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," *In re Justices*, 218 F.3d at 17, as long as the federal claims asserted by the defendant can be "raised and resolved *somewhere* in the state process, *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, *Younger* abstention is appropriate because MacLean does not show that he is unable to challenge the fact of his confinement on the grounds presented in his petition in a Massachusetts court. For example, he offers no reason why he cannot seek relief through the normal appellate process or under M.G.L. ch. 211, § 3, which provides that the Massachusetts Supreme Judicial Court has "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." M.G.L. ch. 211, § 3.[1]

---

[1] The court recognizes that MacLean's recent petition under M.G.L. ch. 211, § 3 was denied on March 31, 2023 on the ground that relief under that statute

For the foregoing reasons, MacLean's petition is DENIED without prejudice. The motion for leave to proceed *in forma pauperis* shall be terminated as moot.[2]

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

could not be used to circumvent the normal appellate process. However, the issue in that proceeding was whether the fugitive justice charge should be dismissed, *see Commonwealth v. MacLean*, SJ-2023-0080 (Mass.), *available at* https://www.ma-appellatecourts.org/docket/SJ-2023-0080 (last visited June 20, 2023), whereas MacLean's present challenge to his confinement is that he has satisfied bail requirements and that, in the absence of a governor's warrant, his detention past the 90-day period authorized under M.G.L. ch 276 §§ 20C and 20E is unlawful.

[2] The court's June 23, 2023 order concerning the filing fee was issued in error.